UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

IN THE MATTER OF:

CASE NO. 09-91831- MHM

Karen Georgia Levers,

CHAPTER  13

          Debtor.
_____

NOTICE OF FILING OF MODIFICATION OF CONFIRMED PLAN,
DEADLINE FOR FILING WRITTEN OBJECTIONS,
AND HEARING DATE AND TIME IF OBJECTION IS TIMELY FILED

**TO: Creditors and Other Parties in Interest**

**PLEASE TAKE NOTICE** that Karen Georgia Levers, the Debtor, has filed a proposed modification to the confirmed plan in this case, a copy of which modification you are receiving with this Notice or have received by mail. Pursuant to Rule 3015(g) of the Federal Rules of Bankruptcy Procedure, any creditor or other party in interest opposing this proposed Modification must file that objection in writing with the Court before the following deadline.

**DEADLINE FOR FILING OBJECTION:** Twenty-four (24) days after the date on which this proposed Modification was filed. The proposed modification was filed on _____October 14_____, 2010. If the twenty-forth day after the filing falls on a week-end or holiday, the deadline is extended to the next business day.

PLACE OF FILING:  Clerk, United States Bankruptcy Court
Room 1340, United States Courthouse
Richard B. Russell Building
75 Spring Street, SW
Atlanta, GA 30303-3367

If you mail an objection to the Court for filing, you must mail it early enough so the Court will receive it on or before the date stated above.

You must also serve a copy on the undersigned at the address stated below and on the Debtor at :
**Karen Georgia Levers,
2431 Merrion Park Court,
Dacula, GA 30019.**

**PLEASE TAKE FURTHER NOTICE** that if an objection to the proposed Modification is timely filed, the Court will hold a hearing on the modification on **November 18, 2010 at 10:00 a.m**. in **Courtroom** 1204, U.S. Courthouse, 75 Spring Street, Atlanta, Georgia. **If no objection is timely filed, the Court may approve the proposed modification without further notice or hearing.**

Dated:  October 14 , 2010


By: /S/
Mary Doty Lyness, Attorney for Debtor
GA Bar #172208
King & King, PC
215 Pryor Street
Atlanta, Georgia 30303
(404) 524-6400
ecf@kingandkingpc.com

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

IN THE MATTER OF:

CASE NO. 09-91831- MHM

Karen Georgia Levers,

CHAPTER 13

Debtor.
_____

**POST-CONFIRMATION MODIFICATION OF PLAN
AND REQUEST FOR ITS APPROVAL**

     Karen Georgia Levers, Debtor, proposes to modify the confirmed Chapter 13 plan in this case as set forth below and requests that this modification be approved.

**MODIFICATION OF PLAN**

     Karen Georgia Levers, Debtor, hereby modifies the Chapter 13 Plan, which the Court confirmed on February 23, 2010, as follows:

**I.**

     Debtor's income has decreased since this case was filed, such that she can no longer afford her plan payments in addition to ordinary household expenses. Debtor, in order to reduce plan payments, hereby modifies Paragraph 2 of the Chapter 13 Plan as follows:

2. **Plan Payments and Length of Plan.** Debtor will pay the sum of ~~$286.00~~ **$255.00** per month to Trustee by [X] Payroll Deduction(s) or by [ ] Direct Payment(s) for the applicable commitment period of 60 months, unless all allowed claims in every class, other than long-term claims, are paid in full in a shorter period of time. The term of this Plan shall not exceed sixty (60) months. *See* 11 U.S.C. §§ 1325(b)(1)(B) and 1325(b)(4). Each pre-confirmation plan payment shall be reduced by any pre-confirmation adequate protection payment(s) made pursuant to Plan paragraph 6(A)(i) and § 1326(a)(1)(C).

     The following alternative provision will apply if selected:

     ____ IF CHECKED, Plan payments will increase by $_____ on _____, 20__ upon completion or termination of _____.

**II.**

     Debtor, in order to adjust monthly payments toward attorney fees, hereby modifies Paragraph 4(B) of the Chapter 13 Plan as follows:

(B). **Debtor's Attorney's Fees.** Debtor and Debtor's attorney have agreed to a base attorney fee in the amount of $5,450.00. The base fee includes, but is not limited to, all anticipated services identified in paragraph 6 of the Rule 2016(b) disclosure statement in this case. The amount of $0.00 was paid prior to the filing of the case. The balance of the fee shall be disbursed by the Trustee as follows: (1) Upon the first disbursement following confirmation of a Plan, the Trustee shall disburse to Debtor's attorney from the proceeds available and paid into the office of the Trustee by Debtor or on Debtor's behalf, up to $5,450.00 after the payment of adequate protection payments and administrative fees. The remaining balance of the fees shall be paid up to ~~$166.00~~ $151.00 per month until the fees are paid in full; (2) If the case is dismissed or converted prior to confirmation of the plan, the Trustee shall pay fees to Debtor's attorney from the proceeds available and paid into the office of the Trustee by Debtor or on Debtor's behalf, all funds remaining, not to exceed $5,450.00, after payment of any unpaid filing fees, Trustee's fees and expenses, and adequate protection payments, if applicable.

Debtor and Debtor's attorney have further agreed that Debtor's attorney may be paid for "non-base services" as they are performed on an as-needed basis. These "non-base" services, and the agreed fee for each, are identified in paragraph 7 of the Rule 2016(b) disclosure statement in this case. Upon completion of a "non-base" service, Debtor's attorney may file an application with the Court, serving all parties in interest with notice of the application and providing an opportunity to be heard on the matter. If the "non-base" fee is approved by the Court, then the non-base fee shall be added to any unpaid balance of the base fee and paid in accordance with paragraph (B)(a) above. If the base fee has been paid in full, then the non-base fee shall be paid at the rate of up to ~~$166.00~~ $151.00 per month, and the distributions to creditors shall be reduced, *pro rata*, by that amount until the non-base fee is paid in full.

### III.

Debtor, in order to adjust payments to Carmax Auto Finance, hereby modifies Paragraph 6(A)(ii)(b) as follows:

(b). **Claims to Which § 506 Valuation is Applicable.** Claims listed in this subsection consist of any claims secured by personal property not described in Plan paragraph 6(A)(ii)(a). After confirmation of the plan, the Trustee will pay to the holder of each allowed secured claim the monthly payment in column (f) based upon the replacement value as stated in column (d) or the amount of the claim, whichever is less, with interest at the rate stated in column (e). The portion of any allowed claim that exceeds the value indicated below will be treated as an unsecured claim. Upon confirmation of the plan, the valuation and interest rate shown below or as modified will be binding unless a timely written objection to confirmation is filed and sustained by the Court. Payments distributed by the Trustee are subject to the availability of funds.

_____None; or

| (a) Creditor | (b) Collateral | (c) Purchase date | (d) Replacement value | (e) Interest rate | (f) Monthly payment |
|---|---|---|---|---|---|
| Carmax Auto Finance | 2000 Honda Odyssey | 3/2006 | $6,300.00 | 4.25% | $75.00 |

**Post-confirmation payments to Carmax Auto Finance shall increase to $201.00 beginning February, 2013** ~~September, 2012.~~

### IV.

Debtor's mortgage company filed a Motion for Relief from Stay in her case. Debtor did not oppose this motion and anticipates that an Order granting the Motion for Relief from Stay will be entered in her case. Debtor, in order to reflect that mortgage arrears will no longer be funded through her Plan, hereby modifies Paragraph 6(B) of the Chapter 13 Plan as follows:

(B). **Claims Secured by Real Property Which Debtor Intends to Retain.** Debtor will make all post-petition mortgage payments directly to each mortgage creditor as those payments ordinarily come due. These regular monthly mortgage payments, which may be adjusted up or down as provided for under the loan documents, are due beginning the first due date after the case is filed and continuing each month thereafter, unless this Plan provides otherwise. Trustee may pay each allowed arrearage claim at the monthly rate indicated below until paid in full. Trustee will pay interest on the mortgage arrearage if the creditor requests interest, unless an objection to the claim is filed and an order is entered disallowing the requested interest.

| (a) Creditor | (b) Property description | (c) Estimated pre-petition arrearage | (d) Projected monthly arrearage payment |
|---|---|---|---|
| ~~Everhome Mortgage Co.~~ | ~~Residence~~ | ~~$3,874.49~~ | ~~$15.00~~ |

~~**Post-confirmation payments to Everhome Mortgage Co. shall increase to $115.00 beginning July, 20**~~

| | | | |
|---|---|---|---|
| Fairmont on the Park HOA | Residence | $1,637.81 | $15.00 |

**Post-confirmation payments to Fairmont on the Park HOA shall increase to $40.00 beginning** ~~July, 2012~~ **February, 2013.**

Dated: ___October 14_____, 2010

          Respectfully submitted,

King & King, PC      By:_____/S/_
215 Pryor Street       Mary Doty Lyness, Attorney for Debtor
Atlanta, Georgia 30303   GA Bar # 172208
404-524-6400
ecf@kingandkingpc.com

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

IN THE MATTER OF:

CASE NO. 09-91831- MHM

Karen Georgia Levers,

CHAPTER 13

Debtor.
_____

**UNSWORN DECLARATION UNDER PENALTY OF PERJURY**

I, Karen Georgia Levers, hereby certify under penalty of perjury that the attached pleading is true and correct to the best of my information and belief.


Date:    October 14    , 2010


Signed:                                /S/
        Karen Georgia Levers